UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EDDIE MARSHALL, on behalf of himself and all others similarly situated, | : : : | Case No. 1:22-cv-493 |
| | : | Judge |
| Plaintiff, | : : | |
| v. | : : | |
| IT GUYZ SOLUTIONS, LLC; | : : | PLAINTIFF'S COMPLAINT |
| EDGEWATER INVESTMENTS, LLC; | : : : | |
| JOSEPH CHRISTOPHER RILEY; | : : : | |
| and | : : | |
| KEITH OLINGER, | : | |
| Defendants. | | |

COMES NOW Plaintiff Eddie Marshall, on behalf of himself and all others similarly situated, by and through his undersigned legal counsel and for his Complaint against Defendants IT Guyz Solutions, LLC, Edgewater Investments, LLC, Joseph Christopher Riley, and Keith Olinger alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action brought by Plaintiff Eddie Marshall, on behalf of himself and all others similarly situated, to recover overtime from his employers, Defendants IT Guyz Solutions, LLC ("IT Guyz"), Edgewater Investments, LLC ("Edgewater"), Joseph Christopher Riley, and Keith Olinger (collectively, "Defendants").

1

2. For a three year period prior to the commencement of this action, Defendants have employed numerous employees under a policies of: (1) deliberately misclassifying them as independent contractors while exerting substantial control and supervision over the work performed by these employees; (2) suffering and permitting these employees to work in excess of 40 hours per week without paying the statutory overtime; and (3) suffering and permitting these employees to work for less than the minimum wage.

3. Defendants continue to employ numerous employees under the abovementioned policies.

4. These policies have resulted in a failure to pay the full statutory wages to which these workers are entitled.

5. Plaintiff Marshall brings this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and Ohio Rev. Code § 4111.01, *et seq.*

## PARTIES

**Plaintiff**

6. Plaintiff Marshall is a former employee of Defendants. His employment lasted from April 12, 2022, to May 23, 2022. From on or about April 12, 2022, through April 26, 2022, Plaintiff Marshall was a trainee and paid a flat rate of $250 per week. From April 27, 2022, to May 23, 2022, Plaintiff Marshall was an installation technician (or similar designation) and was supposed to be compensated by commission.

7. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA. Plaintiff and the FLSA Collective were, or are, employed by Defendants as trainees or as installation technicians and who were paid below the minimum wage and overtime rates for their time worked.

8. Plaintiff further brings this action on behalf of himself and all other similarly situated individuals pursuant to Ohio Rev. Code § 4111.14(K). Plaintiff and the Ohio Collective were, or are, employed by Defendants as trainees or as installation technicians and were paid below the minimum wage and overtime rates for their time worked.

**Defendants**

9. Defendant IT Guyz Solutions, LLC is a Florida limited liability company with its principal place of business located in Florida.

10. Defendant Joseph Riley is the Manager of Defendant IT Guyz and is responsible for the pay practices alleged herein. Upon information and belief, Defendant Riley is a resident of Florida.

11. Defendant Edgewater Investments LLC is a Wyoming limited liability company. Upon information and belief, Defendant Edgewater's principal place of business is located in this judicial district.

12. Defendant Keith Olinger is, upon information and belief, a resident of this judicial district. Upon information and belief, he exercised day-to-day control of operations and was involved in the supervision and payment of the Collective.

13. Defendants subjected Plaintiff and other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Plaintiff's Complaint because it asserts claims under the Fair Labor Standards Act, 29 U.S.C §203, *et seq.*

15. This Court has supplemental jurisdiction to hear Plaintiff's state law claims because they arose out of the same transaction or occurrence as, and share the same nucleus of operate fact with, Plaintiff's federal claims.

16. Venue in this Court is proper, as a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

17. Defendants are "Employers" within the meaning of the FLSA.

18. Defendants operate as "joint employers" of Plaintiffs. Upon information and belief, Defendants IT Guyz and Riley were responsible for payment to Plaintiff and the Collectives, while Defendants Edgewater and Olinger were responsible for setting the schedule and directing the work of Plaintiff and the Collectives.

19. Plaintiff and the putative collective members are individuals who were or are employed by Defendants, and who were subject to Defendants' policies and/or practices of misclassifying them as independent contractors and failing to pay the statutory minimum wages and overtime owed to them.

20. Plaintiff was routinely scheduled to work in excess of 40 hours per week.

21. For two weeks of training, Plaintiff was scheduled from 8:00 AM to 5:00 PM, Monday through Friday. He was not allotted an uninterrupted mealtime and worked 45 hours each week of training.

22. As compensation for his training, Plaintiff received a flat rate of $250 dollars per week.

23. After training was complete, Plaintiff was scheduled to work from 10:00 AM to 7:00 PM, Monday through Thursday and Saturday. He was not allotted an uninterrupted mealtime and worked 45 hours each full week he was employed.

24. Plaintiff's job duties were to install internet, phone, and/or television services for home and business customers.

25. Plaintiff was required to wear a black collared shirt which sported Defendant Edgewater's logo and was required to utilize a vehicle with Defendant Edgewater's logo. He also wore an Edgewater identification badge. Plaintiff was provided the work vehicle by Defendant IT Guyz. Plaintiff was required to provide the gasoline for Defendants' vehicle.

26. His hours, work locations, and job assignments were set by Defendant Olinger as Defendant Edgewater's representative.

27. Upon information and belief, Defendant IT Guyz and Defendant Riley were responsible for remitting payment to Plaintiff.

28. The services provided by Plaintiff were integral to Defendants' business of installing telecommunication services.

29. Defendants jointly shared the ability to supervise and control the method and manner Plaintiff's work was performed.

30. Defendants were the joint employers of Plaintiff within the meaning of the FLSA.

31. Plaintiff was told by Defendants that he would receive weekly paychecks for "commissions." If he installed one service at a household, his commission would range between $40 and $50. If he installed two services, his commission would range between $60 and $65. If he installed three services, his commission would be $89.

32. These commissions were to be paid out on a weekly basis.

33. To date, Plaintiff has not been paid any of the commissions to which he was entitled. Nor has he been paid for his training.

34. Throughout his employment, Plaintiff regularly complained to Defendants about his lack of pay.

35. Plaintiff eventually quit his employment because of his lack of pay.

36. Defendants have refused to pay Plaintiff the money owed to him. Upon information and belief, they refuse to pay these monies to retaliate against Plaintiff for complaining about his lack of pay.

37. Upon information and belief, Defendants have utilized the policies described hereinabove against every employee they have hired to provide technician services.

38. Defendants have suffered and permitted Plaintiff and the putative collectives to work more than 40 hours in a week without paying them the full overtime premium and have suffered and permitted Plaintiff and the putative collectives to work hours for no pay or for pay below the statutory minimum wages.

39. Defendants were aware, or should have been aware, that Plaintiff and the putative collective members were entitled to payment for their hours worked and in accordance with the statutory minimum and overtime amounts.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

41. Plaintiff files this action on behalf of himself and all other similarly situated individuals for the recovery of payments below the minimum wage. The proposed FLSA collective is defined as follows:

> All persons who worked for Defendants for any amount of time within the last three years, and who were not compensated at an hourly rate at or exceeding $7.25. ("FLSA Collective I").

6

42. Plaintiff further files this action on behalf of himself and all other similarly situated individuals for the recovery of unpaid overtime. The proposed FLSA collective is defined as follows:

    > All non-exempt employees of Defendants who worked in excess of 40 hours in any workweek within the last three years, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("FLSA Collective II").

43. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs. Plaintiff's Opt-in form is attached hereto as **Exhibit A**.

44. During the applicable statutory period, Plaintiff and the putative FLSA collective members often worked for pay below the minimum wage, and in excess of 40 hours in a workweek without receiving the full overtime compensation for their overtime hours worked.

45. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their employees the minimum wage and overtime when they were fully aware that these employees were working for less than the minimum wage

46. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collectives. Accordingly, notice should be sent to the FLSA Collectives. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' pay practices, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## OHIO COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

48. Plaintiff files this action on behalf of himself and all other similarly situated individuals for the recovery of payments below the minimum wage. The proposed Ohio collective is defined as follows:

> All persons who worked for Defendants in Ohio for any amount of time within the last three years, and who were not compensated at an hourly rate at or exceeding the Ohio minimum wage. ("Ohio Collective I").

49. In 2019, the Ohio minimum wage was $8.55 per hour. The Ohio minimum wage was $8.70 per hour in 2020. In 2021, the Ohio minimum wage was $8.80 per hour. In 2022, the Ohio minimum wage is $9.30 per hour.

50. Plaintiff further files this action on behalf of himself and all other similarly situated individuals for the recovery of unpaid overtime. The proposed Ohio collective is defined as follows:

> All non-exempt employees of Defendants who worked in excess of 40 hours in any workweek within the last three years in Ohio, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("Ohio Collective II").

51. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

52. During the applicable statutory period, Plaintiff and the putative Ohio collective members often worked for pay below the minimum wage, and in excess of 40 hours in a workweek without receiving the full overtime compensation for their overtime hours worked.

53. Defendants willfully engaged in a pattern of violating Ohio wage and hour laws as described in this Complaint by failing to pay their employees the minimum wage and overtime when they were fully aware that these employees were working for less than the minimum wage

54. Defendants are liable under Ohio law for failing to properly compensate Plaintiff and the Ohio Collectives. Accordingly, notice should be sent to the Ohio Collectives. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' pay practices, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## ALTERNATIVE BASIS FOR RECOVERY AS AN INDIVIDUAL

55. For purposes of this section only, Plaintiff incorporates by reference Paragraphs 24, 25, 27, 30, 31, 32, and 33 of the foregoing as if fully restated herein.

56. In the alternative, if Plaintiff is not an employee of Defendants IT Guyz, he is entitled to recovery of his unpaid commissions as a "sales representative" within the meaning of Ohio Rev. Code § 1335.11.

57. Plaintiff was a "sales representative" within the meaning of Ohio Rev. Code § 1335.11(A)(3).

58. Plaintiff was to be compensated by "commission" within the meaning of Ohio Rev. Code § 1335.11(A)(1).

59. Defendant IT Guyz is a "principal" within the meaning of Ohio Rev. Code § 1335.11(A)(2).

60. The agreement to pay weekly commissions is the custom and usage prevalent in this state for Plaintiff and Defendant IT Guyz industry in the state of Ohio or are the terms of an unambiguous agreement between the parties.

9

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE
**(On behalf of Plaintiff and the FLSA Collective I as to all Defendants)**

61. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

62. The FLSA, 29 U.S.C. §206, requires employers to pay a minimum wage of $7.25 per hour.

63. Defendants suffered and permitted Plaintiff and the FLSA Collective I to work for less than the minimum wage.

64. Defendants violated the FLSA's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective I at the minimum wage.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective I have suffered a loss of income.

### COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(On behalf of Plaintiff and the FLSA Collective II as to all Defendants)**

66. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

67. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per week.

68. Defendants suffered and permitted Plaintiff and the FLSA Collective II to work more than 40 hours in a workweek without paying the full overtime compensation owed to said employees.

69. Defendants violated the FLSA's overtime wage requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective II at the required overtime rate.

70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective II have suffered a loss of income.

### COUNT III – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### RETALIATION
### (On behalf of Plaintiff as to all Defendants)

71. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

72. Plaintiff further alleges that Defendants' failure to pay him the monies owed to him was based on: (1) his complaints about Defendants' failure to pay him his statutorily required wages and/or (2) Defendants' belief that Plaintiff intended to file a proceeding or testify in a proceeding regarding Defendants' failure to pay statutorily required wages.

73. Defendants' failure to pay Plaintiff was in retaliation for exercising his rights under the FLSA, specifically in violation of §215(a)(3) of the same.

74. As a result of Defendants' unlawful actions, Plaintiff has suffered and will suffer damages, including but not limited to lost wages, liquidated damages, emotional distress, mental anguish, attorneys' fees, and costs.

### COUNT IV – VIOLATION OF OHIO REV. CODE §4111.01, *ET SEQ.*
### FAILURE TO PAY MINIMUM WAGE
### (On behalf of Plaintiff and the Ohio Collective I as to all Defendants)

75. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

76. Ohio Rev. Code § 4111.02, requires employers to pay the minimum wage mandated in the Ohio Constitution.

77. Defendants suffered and permitted Plaintiff and the Ohio Collective I to work for less than the Ohio minimum wage.

78. Defendants violated the Ohio's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiff and the Ohio Collective I at the required minimum wage.

79. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Ohio Collective I have suffered a loss of income.

## COUNT V – VIOLATION OF OHIO REV. CODE §4111.01, *ET SEQ.*
## FAILURE TO PAY OVERTIME
### (On behalf of Plaintiff and the Ohio Collective II as to all Defendants)

80. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

81. Ohio Rev. Code § 4111.03, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per week.

82. Defendants suffered and permitted Plaintiff and the Ohio Collective II to work more than 40 hours in a workweek without paying the full overtime compensation owed to said employees.

83. Defendants violated Ohio's overtime wage requirement by regularly and repeatedly failing to compensate Plaintiff and the Ohio Collective II at the required overtime rate.

84. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Ohio Collective II have suffered a loss of income.

## COUNT VI – VIOLATION OF OHIO REV. CODE §1335.11
## FAILURE TO PAY COMMISSIONS
### (On behalf of Plaintiff and as to Defendant IT Guyz)

85. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

86. Ohio Rev. Code § 1335.11, requires a principal to promptly pay the commissions of sales representatives.

87. Upon the termination of Plaintiff's relationship with Defendant IT Guyz, he was entitled to receive all commissions due to him at the time of termination within 30 days of his termination and was entitled to receive his commissions that became due after termination within 13 days of same.

88. Defendant IT Guyz has failed to comply with its obligations under Ohio Rev. Code § 1335.11, and such failure has been the result of Defendant IT Guyz's willful, wanton, or reckless misconduct or bad faith.

89. On August 10, 2022, Plaintiff's counsel sent a written demand for payment. To date, Plaintiff has not received a response to the same.

90. As a result, Plaintiff has suffered damages equal to his unpaid commissions, exemplary damages not to exceed three times the amount of his owed commissions, attorneys' fees, and costs.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and those similarly situated, hereby demand judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiffs, the FLSA Collectives, and the Ohio Collectives, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA and Ohio Collectives apprising them of the pendency of this action, and permitting them to assert timely claims in this action by filing individual consent forms;

3. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA and Ohio state law;

4. Judgment against Defendants for violation of the minimum wage and overtime provisions of the FLSA and Ohio state law;

5. Judgment that Defendants violations of the FLSA were willful;

6. An award to Plaintiffs and those similarly situated for the number of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of pre and post-judgment interest;

8. An award of reasonable attorneys' fees and costs;

9. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**AND WHEREFORE,** Plaintiff Marshall, individually, hereby demands judgment against Defendants as follows:

1. For damages in an amount equal to his lost back pay and benefits;

4. Liquidated damages in an amount equal to Plaintiff's lost wages;

5. Compensatory and punitive damages in amounts to be determined at trial;

6. A permanent injunction prohibiting Defendant from engaging in further acts of unlawful retaliation against its employees;

7. Plaintiff's attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action;

8. All other and further relief to which Plaintiff may be entitled.

**AND WHEREFORE,** Plaintiff Marshall, individually, hereby demands judgment against Defendant IT Guyz as follows:

1. For damages in an amount equal to his unpaid commissions;

2. For a finding that Defendant IT Guyz's failure to pay these commissions was the result of willful, wanton, or reckless misconduct or bad faith;

3. For exemplary damages not to exceed three times the amount of his owed commissions;

4. Plaintiff's attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action;

5. All other and further relief to which Plaintiff may be entitled.

/s/ Matthew S. Okiishi

Matthew S. Okiishi (0096706)
Stephen E. Imm (0040068)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6659
(513) 943-6669-fax
stephen@finneylawfirm.com
matt@finneylawfirm.com
*Attorneys for Plaintiffs*