IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| EDDIE MARSHALL, on behalf of himself and others similarly situated, | : | Case No. 1:22-cv-493 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| IT GUYZ SOLUTIONS, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendants IT Guyz Solutions, LLC and Joseph Riley (Doc. 26). Defendants have not responded, and the time to do so has expired. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for the Court's review. For the reasons below, Plaintiff's Motion for Default Judgment (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**.

### FACTS

Defendants IT Guyz Solutions, Riley, Edgewater Investments, LLC, and Keith Olinger employed Plaintiff "to install internet, phone, and/or television services for home and business customers." (Compl., Doc. 1, ¶ 24.) Plaintiff began working for Defendants on April 12, 2022, as a trainee to be paid $250 per week. (*Id.* at ¶ 6.) Then, from April 27, 2022, through May 23, 2022, Plaintiff was an installation technician to be compensated by commission. (*Id.*) While employed by Defendants, Plaintiff worked 45

hours per week and was not allotted an uninterrupted mealtime when he worked. (*Id.* at ¶¶ 21, 23.) To date, Defendants have not paid Plaintiff for any of his work performed. (*Id.* at ¶ 33.)

## PROCEDURAL POSTURE

On August 23, 2022, Plaintiff sued Defendants for failure to pay minimum wages and overtime under the Fair Labor Standards Act ("FLSA") and Ohio law ("Wage and Hour Claims"), failure to pay commissions in violation of Ohio law, and retaliation in violation of the FLSA. (Compl., Doc. 1, ¶¶ 61-90.) Plaintiff brought the Wage and Hour Claims individually and on behalf of other similarly situated employees. (*Id.* at ¶¶ 40-54, 61-70, 75-84.)

Waivers of Service were returned executed by each Defendant. (*See* Waivers, Docs. 2-3, 6-7.) After various extensions, Edgewater Investments and Olinger answered the Complaint on November 7, 2022. (*See* Answer, Doc. 15.) Around that same time, IT Guyz Solutions and Riley's counsel moved to withdraw based on those Defendants' failure to communicate or pay. (Motion to Withdraw, Doc. 9.) The Court granted the motion on December 27, 2022, and permitted IT Guyz Solutions 24 days to obtain new legal counsel. (Withdrawal Order, Doc. 16.) IT Guyz Solutions has not acquired new legal counsel. (*See* Order to Show Cause, Doc. 17.) And, to date, neither IT Guyz Solutions nor Riley has answered Plaintiff's Complaint or communicated with this Court regarding the case. (*See id.*)

On September 8, 2022, Plaintiff applied for an entry of default against IT Guyz Solutions and Riley. (*See* Application, Doc. 24.) The Clerk entered default against IT Guyz

Solutions and Riley on September 11, 2023. (Entry of Default, Doc. 25.) Plaintiff now moves for default judgment against IT Guyz Solutions and Riley on all claims. (Motion for Default Judgment, Doc. 26.)

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking an entry of default must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Then, the plaintiff must apply to the court for default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

After default is entered against a defendant, that party is deemed to have admitted all the well-pled allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 33 F.3d 105, 110-11 (6th Cir. 1995). Still, a court deciding whether to grant a motion for default judgment must satisfy itself that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnell*, No. 1:20-CV-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022); *see also Harrison v. Bailey*, 107 F.3d 870 (Table), 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants.").

## ANALYSIS

Plaintiff seeks default judgment against IT Guyz Solutions and Riley ("Defaulted Defendants"), along with damages, attorney's fees, and costs. (Motion for Default Judgment, Doc. 26; Supp. Br., Doc. 28.) The Court will address each issue in turn.

3

I. **Wage and Hour Claims**

Plaintiff brings claims for unpaid minimum wages and overtime under the FLSA and Ohio law. (Compl., Doc. 1, ¶¶ 61-70, 75-84.) The FLSA requires an employer to pay an employee an established hourly minimum wage for up to 40 hours per work week. 29 U.S.C. § 206(a). It also requires an employer to pay an employee one and a half times the regular rate for any hours exceeding 40 in a work week. 29 U.S.C. § 207(a)(1). "Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions." *Heard v. Nelson*, 2017 WL 2426683, at *2 (S.D. Ohio, June 2, 2017); *see also* Ohio Const. Art. II, § 34a; Ohio Rev. Code §§ 4111.02-03. Accordingly, the Court will analyze these claims together. *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007).

Plaintiff has established that Defendants violated the FLSA and Ohio law by failing to pay Plaintiff wages and overtime. Defaulted Defendants employed Plaintiff. (Compl., Doc. 1, ¶ 24.) Plaintiff was not paid for his work as a trainee or as a technician while employed for Defaulted Defendants. (*Id.* at ¶ 33.) And, while employed for Defaulted Defendants, Plaintiff routinely worked more than 40 hours in a week. (*Id.* at ¶¶ 21-23.) Plaintiff was not paid overtime compensation for those overtime hours worked. (*Id.* at ¶¶ 36, 38.) Thus, Plaintiff has established that Defaulted Defendants are liable for failing to pay wages and overtime in violation of the FLSA and Ohio law. *See Antoine*, 33 F.3d at 110-11.

II. **FLSA Retaliation Claim**

Plaintiff also brings a claim for retaliation in violation of the FLSA. (Compl. Doc.

1, ¶¶ 71-74.) The FLSA bars employers from retaliating against an employee who complained about unlawful activity. 29 U.S.C. 215(a)(3); *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 4 (2011). "The burden-shifting analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to a FLSA claim of retaliation." *Adair v. Charter Cty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006). The first step of this framework requires a plaintiff to establish a prima facie case for retaliation. *See id.* To do so, an employee must show that (1) he engaged in protected activity under the FLSA; (2) the employer knew of the exercise of this right; (3) the employer then took an adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action. *Id.*

Plaintiff has met the first three elements. Plaintiff "regularly complained to Defendants about his lack of pay." (Compl., Doc. 1, ¶ 34.) This conduct constitutes protected activity. *See EEOC v. Romero Cmty. Schs.*, 976 F.2d 985, 989 (6th Cir. 1992). As Plaintiff complained to Defendants, Defaulted Defendants "knew of the exercise of [Plaintiff's] right." *Adair*, 452 F.3d at 489. And, Defendant's refusal to pay Plaintiff for his work is an adverse employment action. *See Jordan v. City of Cleveland*, 464 F.3d 584, 596 (6th Cir. 2006) ("[D]enial of money would more than amply qualify as a materially adverse action to any reasonable employee for Title VII purposes."). Thus, Plaintiff has met the first three elements of his retaliation claim.

That said, Plaintiff has not met the fourth and final element—causation. Plaintiff alleges that Defendant refused to pay him "to retaliate against [him] for complaining about his lack of pay." (Compl., Doc. 1, ¶ 36.) But, this conclusory allegation cannot show

5

causation. *See New London Tobacco Market, Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 410 (6th Cir. 2022) (citation omitted) (legal conclusions in the complaint are not deemed admitted by a defendant's default); *see also Allen v. Mich. Dep't. of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999). Instead, Plaintiff must create an inference that the employer would not have taken the adverse action had Plaintiff not engaged in the protected activity. *Adair*, 452 F.3d at 490. Plaintiff has not done so. Defaulted Defendants failed to pay Plaintiff both before and after he engaged in protected conduct. (*See* Compl., Doc. 1, ¶¶ 33, 36.) The fact that the refusal to pay continued after Plaintiff engaged in protected activity is not enough to demonstrate causation. *See Momah v. Dominguez*, 239 F. App'x 114, 125-26 (6th Cir. 2007) (holding that employer conduct that occurred before and after the alleged protected activity could not show causation.) Thus, Plaintiff has not met the fourth element and his retaliation claim must fail.

### III. Ohio Unpaid Commissions Claim

Plaintiff lastly brings a claim for unpaid commissions in violation of Ohio law. (Compl., Doc. 1, ¶¶ 85-90.) Under Ohio Revised Code § 1335.11, a "principal" must pay a "sales representative" all commissions the principal owes the sales representative following the termination of a contract between the two. Ohio Rev. Code § 1335.11(C). That said, "a person who is an employee of the principal," is not a "sales representative" under the statute. *Id.* § 1335.11(A)(3); *Meek v. Tom Sexton & Assoc., Inc.*, 839 N.E.2d 437, 441 (Ohio Ct. App. 2005). Plaintiff was in an employee-employer relationship with Defaulted Defendants. (*See* Compl., Doc. 1, ¶¶ 6-8, 13, 18-19, 30.) Thus, Plaintiff is an employee under the statute, so his unpaid commissions claim fails.

**IV. Damages and Attorney's Fees**

Finally, Plaintiff seeks $2,628.00 in lost wages, $4,860.00 in liquidated damages, and $6,533.53 in attorney's fees and costs. (*See* Supp. Br., Doc. 28, Pg. 91.) As noted above, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj*, 331 F. App'x. 351, 355 (6th Cir. 2009) (quotations omitted). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Id.* (quotations omitted). "Although the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-CV-377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011) (citation omitted).

For now, the Court will refrain from ruling on whether Plaintiff is entitled to damages, attorney's fees, and costs. While Plaintiff provides supporting evidence for his requested attorney's fees and costs, he has not supplied the Court with any evidence to support his request for monetary damages. (*See* Supp. Br., Doc. 28.) For example, Plaintiff does not include timesheets or testimony establishing the hours he worked or the commission he was entitled to. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly

7

compensated and if he produces sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference.").

Without this evidence, the Court cannot determine damages with reasonable certainty. *See Vesligaj*, 331 F. App'x at 355-56. Thus, Plaintiff is directed to file supplemental briefing to fully inform the Court on the matter. Following such submission, the Court will adjudicate the merits of Plaintiff's request for damages, attorney's fees, and costs.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Plaintiff's Motion for Default Judgment (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is **GRANTED** as to Defendants' liability for Plaintiff's minimum wage and overtime claims brought under the FLSA and Ohio law. Plaintiff's motion is **DENIED** as to Defendants' liability for Plaintiff's FLSA retaliation claim and the unpaid commissions claim brought under Ohio law;

2. Default judgment is **ENTERED** against Defendants IT Guyz Solutions, LLC, and Joseph Riley for Plaintiff's minimum wage and overtime claims brought under the FLSA and Ohio law; and

3. Within thirty (30) days of the date of this Order, Plaintiff **SHALL FILE** a supplemental memorandum supporting, with evidence, his claim for damages.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

9