IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| EDDIE MARSHALL, | : | Case No. 1:22-cv-493 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| IT GUYZ SOLUTIONS, LLC, et al., | : | |
| Defendants. | : | |

## ORDER GRANTING IN PART PLAINTIFF'S DAMAGES AWARD

This matter is before the Court on Plaintiff's Supplemental Memorandum Supporting Damages (Doc. 38). For the reasons stated below, Plaintiff's Damages Award is **GRANTED IN PART**.

### FACTS

Plaintiff Eddie Marshall worked for Defendant IT Guyz Solutions, LLC, from April 12, 2022, to May 23, 2022, under the management of Defendant Joseph Riley. (Decl. of Eddie Marshall, ¶2.) Plaintiff worked 45 hours a week. (Decl., ¶3.) To date, Defendants have not paid Plaintiff for any work he performed. (*Id.* ¶6.)

### PROCEDURAL POSTURE

Plaintiff brought the present action against Defendants on August 23, 2022. (Compl., Doc. 1.) On December 27, 2022, this Court granted leave for Defendants' counsel to withdraw and ordered Defendant IT Guyz Solutions, LLC, to retain counsel by January 20, 2023. (Order, Doc. 16.) Defendant IT Guyz Solutions, LLC, did not retain counsel.

1

Defendants also failed to answer or otherwise respond to Plaintiff's Complaint. (Motion for Default Judgment, Doc. 26, Pg. ID 84.) In response to Defendants' failure to defend the claims against them, Plaintiff filed a Motion for Default Judgment (Doc. 26) on September 11, 2023. On August 19, 2024, the Court granted Plaintiff default judgment against Defendants IT Guyz Solutions, LLC, and Joseph Riley for Plaintiff's minimum wage and overtime claims under FLSA and Ohio law. (Doc. 31.) The Court further ordered Plaintiff to file a memorandum supporting, with evidence, his claim for damages. (*Id.*) On October 16, 2024, Plaintiff filed his Supplemental Memorandum Supporting Damages (Doc. 38).

## LAW

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

When deciding whether to grant a motion for a default judgment, the Court must satisfy itself that the facts in the complaint state a claim for relief against the defendant.

2

*See Kuhlman v. McDonnel*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (citation omitted). The Court is also required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F.Appx. 351, 355 (6th Cir. 2009). To do so, the Federal Rules of Civil Procedure "require that the party moving for a default judgment present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## ANALYSIS

Plaintiff filed the supplemental memorandum in support of his claim for damages. (Doc. 38.) In the memorandum, Plaintiff attaches his sworn declaration attesting to the hours he worked for Defendants and Defendants' failure to pay for those hours. (*Id.*, Pg. ID 133.) He worked 45 hours a week for six weeks. (Decl., ¶2, Doc. 38, Pg. ID 133.) Plaintiff seeks $2,628.00 in lost wages, $4,860.00 in liquidated damages, and $10,264.40 in attorneys' fees.

a. **Lost Wages**

As noted above, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Vesligaj v. Peterson*, 331 F.Appx. 351, 355 (6th Cir. 2009) (quotations omitted). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quotations omitted). However, while "the court may conduct an evidentiary hearing to determine damages, an evidentiary hearing is not a prerequisite to the entry of default judgment if damages

3

are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the court." *Joe Hand Promotions, Inc. v. RPM Mgmt. Co. LLC*, No. 2:11-cv-377, 2011 U.S. Dist. LEXIS 129260, at *1 (S.D. Ohio Nov. 7, 2011) (citation omitted). As there is sufficient evidence provided by Plaintiff to determine damages, an evidentiary hearing on the matter is unnecessary.

Given that Defendants defaulted, Plaintiff cannot access his pay and time records. Nevertheless, Plaintiff has provided testimony establishing the hours he worked, including those hours worked overtime. (Dec., Doc. 38, Pg. ID 133.) This evidence is sufficient to establish the number of hours Plaintiff worked for Defendants without proper compensation. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference.").

Under the Fair Labor Standards Act ("FLSA"), the Ohio minimum wage at the time Plaintiff worked serves as his "regular rate of pay." 29 U.S.C. §207; *see also Hurt v. Commerce Energy, Inc.*, Case No. 1:12-cv-7588, 2017 WL 3473403, at *2 (N.D. Ohio, Aug. 14, 2017). In 2022, Ohio's minimum wage was $9.30 an hour. (*2022 Minimum Wage Poster*, Ohio Department of Commerce, https://dam.assets.ohio.gov/image/upload/com.ohio.gov/documents/2022-MW-Poster.pdf (last visited Oct. 17, 2024). Calculating Plaintiff's regular hours at a rate of

$9.30 an hour, for 40 hours a week, for six weeks, Plaintiff is entitled to $2,232.00 in lost wages. Any number of hours over 40 per week are "overtime" and, under FLSA's overtime provision, that overtime requires a payment of one-and-a-half the regular rate of pay. 29 U.S.C. §207. Plaintiff also worked five hours of overtime weekly for six weeks, or 30 hours of overtime total. Given the overtime rate of one-and-a-half times the regular rate of pay, Plaintiff is entitled to $418.50 in overtime payments.[1]

b. **Liquidated Damages**

An employer who violates the minimum wage and overtime compensation provisions of the FLSA is liable to the employee for the unpaid wages, plus liquidated damages equal to the amount of those unpaid wages. 29 U.S.C. § 216(b). Ohio law entitles an employee to receive two times the unpaid minimum wage as liquidated damages. Ohio Rev. Code § 4111.14(J). "A district court . . . has the discretion not to award liquidated damages to a prevailing plaintiff if 'the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (quoting 29 U.S.C. § 260). The burden is on the employer to demonstrate good faith, and "[i]n the absence of such proof . . . a district court has no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages." *Id.* (citation omitted).

Plaintiff is entitled to an award of unpaid wages and related liquidated damages.

---

[1] While Plaintiff requested $396.00 in lost overtime wages, the Court's calculation of his overtime wages produced an amount totaling $418.50. The Court's basis for this calculation is $9.30/hour x 1.5 overtime rate = $13.95/hour overtime rate. $13.96/hour for 30 hours = $418.50.

5

Defendants are liable under the FLSA and Ohio Rev. Code § 4111.01, *et seq.*, for failing to pay wages, and no evidence suggests that Defendants acted in good faith when doing so. Thus, an award of damages is appropriate. Plaintiff is entitled to liquidated damages in the amount of two times the unpaid minimum wage, or $4,464.00. Ohio Rev. Code § 4111.14(J). For lost overtime wages, under the FLSA, Plaintiff can receive an equal amount in liquidated damages, or $418.50. 29 U.S.C. § 216(b).

Based on his affidavit, Plaintiff is entitled to an award of $2,650.50 in lost wages and $4,882.50 in liquidated damages.

   c. **Attorneys' Fees**

Finally, Plaintiff requests an award of $10,254.40 in attorneys' fees. (Supplemental Memorandum, Doc. 38.) Plaintiff's attorney, Matthew Okiishi, filed a sworn affidavit outlining the breakdown of hours and rates for the legal work performed on Plaintiff's case up until May 28, 2024. (Aff. of Matthew Okiishi, Doc. 29-1) ("May 2024 Invoice"). Plaintiff's total attorneys' fees accrued by that date were $6,111.25. (*Id.*) Given the additional work performed since the May 2024 invoice, Plaintiff now states that he has incurred a total of $10,254.40 in attorneys' fees. This equals approximately $4,143 additional fees in about five months.

The FLSA permits a plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b). Thus, Plaintiff is entitled to attorneys' fees, so long as they are reasonable. Courts use the lodestar method to determine an award of reasonable attorneys' fees. *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is "a reasonable hourly rate times a reasonable number of hours worked." *Brown*

*v. Halsted Fin. Servs., LLC*, No. 3:12-cv-308, 2013 U.S. Dist. LEXIS 26144, at *6 (S.D. Ohio Feb. 26, 2013) (citing *Imwalle*, 515 F.3d at 551). "The key requirement for an award of attorneys' fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553. "[T]he district court is required to give a clear explanation" for its award calculation. *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

### i. Reasonable Hourly Rate

The Court has broad discretion in determining what constitutes a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record. *Geer v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts may also look to other markets, such as a national market, an area of specialization, or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

Plaintiff seeks $395.00 per hour for a partner with over 35 years of experience in employment litigation, $305.00-325.00 for a partner with seven years of experience in employment litigation, $230.00 for a first-year associate, and $170.00-185.00 for non-attorneys who performed work on the case. (*See* Okiishi Aff., Doc. 29-1, Pg. ID 100-01.)

7

Plaintiff's counsel justifies his rate by arguing that it is reasonable for the Cincinnati market. (*Id.*) The Court finds Plaintiff's argument persuasive, as other courts in this district have approved similar rates in similar cases. *See, e.g., Funk v. Airstream, Inc.*, No. 3:17-cv-260, 2019 US Dist. LEXIS 162334, at *7-8 (S.D. Ohio Sept. 23, 2019) (finding that a rate of $350.00 for an employment attorney with ten years of experience to be reasonable). Accordingly, the Court finds Plaintiff's counsel's hourly rate as of the May 2024 Invoice to be reasonable.

      ii.    **Reasonable Number of Hours**

When determining the reasonable number of hours worked, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Brown*, 2013 U.S. Dist. LEXIS 26144, at *6 (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)).

Plaintiff's counsel maintains that he billed 22.8 hours by the date of the May 2024 Invoice. (*See* Okiishi Aff., Doc. 29-1, Pg. ID 103-04.) To demonstrate how these hours were allocated, counsel submitted an itemized invoice of the hours billed. (*Id.*) The invoice details actions performed by counsel and non-attorneys at the firm. (*Id.*) A reasonable attorney would believe that these hours needed to be reasonably expended in pursuit of default judgment. Additionally, the documentation provided in support of the hours expended is detailed enough to support a conclusion that these hours were actually and reasonably expended. (*See id.*) Accordingly, the hours expended by Plaintiff's counsel up until the May 2024 Invoice are reasonable.

### iii. The Lodestar Amount

The lodestar method results in a finding that the rates sought by Plaintiffs' counsel and hours expended up until the May 2024 Invoice are reasonable. But, for the additional $4,143.15 that Plaintiff has incurred in attorneys' fees since the May 2024 Invoice, the Court requests Plaintiff's counsel to submit an additional itemized invoice. The Court will delay its award of attorneys' fees until it can review the additional documentation.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Plaintiff's Claim for Damages is **GRANTED**.

2. Default Judgment is **ENTERED** in favor of Plaintiff against Defendants IT Guyz Solutions, LLC, and Joseph Riley in the following amounts:

    i. $2,650.50 in lost wages; and

    ii. $4,882.50 in liquidated damages.

3. Plaintiff or Plaintiff's counsel **SHALL FILE**, within fourteen (14) days of this Order, additional documentation itemizing the hours and rates billed for work performed by Plaintiff's counsel between May 2024 and the date of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND